747 A.2d 276

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT,
v. H.C., DEFENDANT–APPELLANT.

February 18, 2000.

## ORDER

This matter having been duly considered, the Court having determined that certification was improvidently granted;

IT IS ORDERED that the within appeal be and hereby is dismissed.

PORITZ, C.J., and GARIBALDI, STEIN, COLEMAN and VERNIERO, JJ., join in the Court's Order.

O'HERN and LONG, JJ., dissent from the Order. They find that the erroneous admission of a hearsay statement concerning the critical date when the victim submitted a school paper detailing lurid sexual experiences could not have been harmless. Depending on whether the story was submitted before or after the victim had become involved with defendant (in what is referred to as the "Texas incident"), the date tended to exculpate or inculpate defendant. The proper procedure is to remand the matter to the Law Division to determine from the school records the actual date of the submission of the paper. If the paper was submitted before the Texas incident, the hearsay testimony to the contrary was crucial to the defense theory and plainly prejudicial. In that event, a new trial should be granted. If, however, the official records produced at the remand confirm the date recited in the hearsay statement, the error was indeed harmless. The dissenters believe that in either way justice is done.